IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:13-CV-234-BO

| | | |
|---|---|---|
| EDDIE WISE and DOROTHY MONROE-WISE, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | **O R D E R** |
| UNITED STATES DEPARTMENT OF AGGRICULTURE, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

This matter is before the Court on the plaintiffs' motion to stay [DE 5], motion for joinder [DE 6], motion for default judgment [DE 15], motion to enter a scheduling order [DE 19], motion to stay [DE 22], motion for extension of time [DE 23], motion for evidentiary hearing [DE 24], and motion to enter a scheduling order [DE 25]. For the following reasons, the motions are all DENIED.

## BACKGROUND

Plaintiffs, Eddie and Dorothy Wise, Nash County, North Carolina residents, bring this action against the United States Department of Agriculture ("USDA") and several individuals in their official and individual capacities, alleging various state and federal claims, arising out of the circumstances surrounding the denial of a farm operating loan.

On April 28, 2014, defendants moved to dismiss, or in the alternative, for summary judgment. [DE 13]. On May 7, 2014, *pro se* plaintiffs were provided with notice of their right to respond and the requirements of Rule 56 on January 30, 2007. *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). [DE 16]. That same day, plaintiffs filed a motion for an extension of

time in order to obtain discovery evidence in order to oppose the motion for summary judgment. [DE 17]. The Court granted in part and denied in part plaintiffs' motion for an extension of time and gave plaintiffs until June 20, 2014 to file a response to defendants' motion to dismiss, or in the alternative, for summary judgment. On June 20, 2014, plaintiffs did not file a response to that motion, but did file four other motions at that time including another motion for extension of time to respond to defendants' motion. Defendants, once again, oppose the extension of time as well as the remainder of plaintiffs' motions.

## DISCUSSION

I.   PLAINTIFFS' FIRST MOTION TO STAY [DE 5].

On December 17, 2013, plaintiffs requested a stay in this case until after an administrative hearing scheduled to take place in December 2013. In their motion, plaintiffs advised the Court that they would immediately inform it of any action resulting from the administrative hearing. This Court has been informed of nothing regarding the administrative hearing that was scheduled to take place in December of 2013. Therefore, the Court presumes that nothing happened that required the notice of this Court. As the hearing was scheduled to take place in December 2013, and it is now August 2014, plaintiffs' motion to stay [DE 5] is denied as moot.

II.  PLAINTIFFS' MOTION FOR JOINDER.

Also on December 17, 2013, plaintiffs moved to join a Mahlon Deloach, Jr. in his individual and official capacity as a defendant in this case. [DE 6]. Mr. Deloach appears to be an individual who filed a motion to foreclose against plaintiffs' property in Nash County Superior Court. Mr. Deloach was not named in the original complaint filed on November 5, 2013. The defendants in that complaint were the United States Department of Agriculture ("USDA"),

James Davenport, Mike Huskey, Aaron Martin, Juan Garcia, Tom Vilsack, Paula Nicholls, Debbie Houston, Cynthia Kernodle, and Joe Leonard. [DE 1]. On February 7, 2014, plaintiffs filed an amended complaint, after the filing of the motion for joinder, that listed only the USDA, Tom Vilsack, Mike Huskey, and Paula Nicholls as defendants. [DE 9]. As plaintiffs have not explained why the joinder of Mr. Deloach is a required party in their motion pursuant to FED. R. CIV. P. 19, and as they did not name Mr. Deloach in their amended complaint filed after the motion to join, the Court denies their motion for joinder. Plaintiffs have not demonstrated that Mr. Deloach is a required party to this action and their filing of the amended complaint without naming Mr. Deloach as a defendant indicates that he is not a required party.

III. PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT.

On April 29, 2014, plaintiffs filed their motion to enter default judgment one day after defendants filed their motion to dismiss or, in the alternative, motion for summary judgment. [DE 13, 15]. Plaintiffs cite only FED. R. CIV. P. 55(a) in support of their motion for default judgment. As defendants filed a motion to dismiss and thus are otherwise defending themselves against this action, a default judgment motion is inappropriate. Accordingly, plaintiffs' motion for default judgment is denied.

IV. PLAINTIFFS' MOTIONS TO ENTER A SCHEDULING ORDER.

Plaintiffs filed a motion to enter a scheduling order on May 7, 2014 citing FED. R. CIV. P. 16 and 26 and noting that the "120 days for scheduling order has elapsed." [DE 19]. One of the issues raised by defendants in their motion to dismiss is that plaintiffs failed to establish sufficient service of process. [DE 13 at 1]. As the motion to dismiss is still pending before the Court, due to the delays of plaintiffs in this case, the Court finds no reason to expend judicial resources at this time until the motion to dismiss is resolved. Accordingly, plaintiffs' motion to

enter a scheduling order is denied. Plaintiffs refiled the same motion on June 20, 2014. [DE 25]. For the same reasons, that motion is also denied.

V.    PLAINTIFFS' SECOND MOTION TO STAY.

Plaintiffs' second motion to stay the proceedings to allow for discovery merely restates the plaintiffs' first motion which this Court considered and denied. [DE 20]. As plaintiffs have not made any further showing of a need for discovery beyond a desire to engage in a "fishing expedition," they have not set out sufficient cause to justify a delay in these preoceedings for discovery. Accordingly, their motion is denied.

VI.   PLAINTIFFS' MOTION FOR CONTINUANCE.

On June 3, 2014, [DE 20] this Court considered plaintiffs' motion for an extension of time to respond to defendants' motion to dismiss. This Court, at that time, generously considered plaintiffs' *pro se* status in providing plaintiffs until June 20, 2014 to file a substantive response to the motion to dismiss. This date was nearly a month after plaintiffs' response was originally due. Now, instead of filing a substantive response to the motion to dismiss on June 20, 2014, as instructed by this Court, plaintiffs simply refiled their original motion for an extension of time. Now, nearly two months have passed since plaintiffs' response was due as ordered by this Court. During this time period, plaintiffs still have not filed a response to the motion to dismiss. As this motion has been pending that entire time, in the interest of fairness while noting plaintiffs' *pro se* status, the Court gives plaintiffs until August 26, 2014 as a final deadline to submit a substantive response to defendants' motion to dismiss. No further delays or extensions of time will be considered by this Court.

## VII. PLAINTIFFS' MOTION FOR EVIDENTIARY HEARING.

Plaintiffs again request this Court to allow them to conduct discovery and to hold a hearing for the defendants' defense of qualified immunity as raised in their motion to dismiss. [DE 24]. Evidentiary hearings are generally disfavored on qualified immunity issues because such hearings burden federal employees. A federal employee should be burdened with an evidentiary hearing "[o]nly if the district court concludes there is a genuine question of fact material to the scope-of-employment issue," and any evidentiary hearing is within the discretion of this Court. *Gutierrez v. DEA*, 111 F.3d 1148, 1154–55 (4th Cir. 1997). Here, plaintiffs have failed to establish any grounds for a hearing on the qualified immunity issue and appear to try to use this motion as a vehicle to conduct discovery. The Court sees no genuine issue of fact material to the issue of qualified immunity and denies plaintiffs' motion.

## **CONCLUSION**

For the foregoing reasons, plaintiffs' motions are all DENIED. Plaintiffs' shall file a substantive response to defendants' motion to dismiss on or before August 26, 2014. No further requests for delays will be entertained by this Court.

SO ORDERED,
this __18__ day of August, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE