IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:13-CV-234-BO

| | |
|---|---|
| EDDIE WISE and DOROTHY MONROE-WISE, ) ) ) Plaintiffs, ) v. ) ) UNITED STATES DEPARTMENT ) OF AGRICULTURE, et al., ) ) Defendants. ) ) | **ORDER** |

This matter is before the Court on defendants' motion to dismiss [DE 13], plaintiffs' motion for leave [DE 32], plaintiffs' motion to stay [DE 33], and plaintiffs' motion for leave to file a second amended complaint [DE 39]. For the following reasons, defendants' motion to dismiss is GRANTED, plaintiffs' motion for leave is GRANTED, and plaintiffs' remaining motions are DENIED.

## BACKGROUND

Plaintiffs, Eddie and Dorothy Wise, Nash County, North Carolina residents, bring this action against the United States Department of Agriculture ("USDA") and several individuals in their official and individual capacities, alleging various state and federal claims, arising out of the circumstances surrounding the denial of a farm operating loan.

On April 28, 2014, defendants moved to dismiss, or in the alternative, for summary judgment. [DE 13]. On May 7, 2014, *pro se* plaintiffs were provided with notice of their right to respond and the requirements of Rule 56 on January 30, 2007. *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). [DE 16]. After several extensions of time, plaintiffs responded to the

motion to dismiss on August 26, 2014. On August 29, 2014, plaintiffs filed a notice of interlocutory appeal [DE 31] along with a motion for leave to file a motion to stay [DE 32] and a motion to stay the proceedings pending the interlocutory appeal [DE 33]. Then, on September 29, 2014, plaintiffs' filed their motion for leave to file the second amended complaint. [DE 39].

Throughout this litigation *pro se* plaintiffs' have sought to slow down the resolution of this matter by seeking extensions of time to respond to matters and filing numerous motions of questionable merit.

## DISCUSSION

I.  PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION TO STAY [DE 32].

Plaintiffs' motion for leave to file their motion to stay the case pending the outcome of their interlocutory appeal is unnecessary. However, as plaintiffs appear *pro se*, the Court presumes that they acted out of an abundance of caution in petitioning the Court for permission to file the motion to stay. Petitioners' motion for leave to file is granted. The Court now considers the motion to stay [DE 33].

II.  PLAINTIFFS' MOTION TO STAY [DE 33].

Plaintiffs filed their notice of interlocutory appeal seeking "interlocutory review of the court's denial of hearing of qualified immunity." [DE 31 at 1]. Plaintiffs now seek to stay the case pending the resolution of that appeal. [DE 33 at 1]. Defendants oppose the stay. [DE 38].

Plaintiffs contend that Local Rules 18 and 21(b) and Federal Rule of Civil Procedure 8 all authorize a stay of this matter. Further, they argue that the stay is requested in good faith and will maximize judicial economy. The Court disagrees. It is unclear to exactly which rules plaintiffs attempt to cite, but none of the rules they cite to in their motion are pertinent to the issue at hand. Further, plaintiffs seek to delay a ruling on a motion to dismiss that was filed on April 28, 2014.

2

That motion to dismiss only argues qualified immunity as one of many reasons that this action should be dismissed and the Court can rule on the motion without addressing qualified immunity. Even if the Court were to use qualified immunity as a basis to dismiss the case, plaintiffs could appeal that ruling in the normal, non-interlocutory, fashion and would suffer no prejudice. In short, a delay of this matter at this stage in the proceedings to allow for the resolution of an interlocutory appeal on the issue of denial of a hearing on the question of qualified immunity would be an example of anything but judicial economy. There is simply nothing that justifies a stay of this case and plaintiffs' motion is denied. The Court now considers the motion to dismiss.

### III.    MOTION TO DISMISS [DE 13].

Defendants' move the Court to dismiss, or in the alternative, for summary judgment. Defendants first move to dismiss pursuant to FED. R. CIV. P. 12(b)(5) for insufficient service of process. [DE 14 at 10]. Defendants indicate that there is no proof that plaintiffs properly served the United States by serving the office of the United States Attorney for the Eastern District of North Carolina pursuant to Rule 4(i)(1)(A). Further, defendants indicate that they are unable to determine whether individual defendants Mike Huskey or Paula Nicholls were properly served pursuant to Rules 4(i)(2-4). On April 18, 2014, the Court sent notice to the *pro se* plaintiffs regarding failure to make proper service. [DE 12]. Plaintiffs have not responded to this letter or the defendants' arguments other than to simply state that it is not true that service was not properly effectuated. [DE 29 at 2].

The only documents plaintiffs have submitted in support of their argument that service was proper are a few pages of priority mail receipts. Service can be made according to the "law of the state in which the district court is located, or in which service is effected." FED. R. CIV. P.

4(e)(1), (4). North Carolina requires service by mail to be either by "registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee." N.C. Gen. Stat. § 1A-1, Rule 4(j)(1) (natural person); 4(j)(3) (the state); 4(j)(4) (an agency of the state). Here, "[t]he plaintiff[s] used Priority Mail, which differs from either of the proper methods." *McKoy v. Burke-President*, 1995 U.S. Dist. LEXIS 9701, *4 (E.D.N.C. June 14, 1995). Accordingly, service has not been properly effectuated in this instance and Rule 12(b)(5) requires that the matter be dismissed for failure to perfect service on defendants as required by Rule 4(i) within 120 days of the filing of the complaint.

Defendants also argue that this action should be dismissed for failure to state a claim upon which relief may be granted pursuant to FED. R. CIV. P. 12(b)(6). In their complaint plaintiffs allege violations of the Equal Credit Opportunity Act ("ECOA") and the Administrative Procedures Act ("APA").

Courts generally require proof in ECOA cases to conform to the traditional Title VII tests. *See e.g., Wise v. Vilsack*, 496 Fed. App'x 283, 285 2012 WL 5359504 (4th Cir. 2012) (affirming this Court's dismissal and applying traditional tests). Unlawful discrimination under ECOA must be proven using one or more of three theories; (1) direct evidence of discrimination; (2) disparate treatment analysis; or (3) disparate impact analysis. *See e.g., Faulkner v. Glickman*, 172 F. Supp. 2d 732, 737 (D. Md. 2001). Here, plaintiffs appear to solely rely upon the disparate treatment analysis which creates a rebuttable presumption of discrimination. *See e.g., Cooley v. Sterling Bank*, 280 F. Supp. 2d 1331, 1337 (MD Ala. 2003). Plaintiffs have not alleged direct statements of discrimination, nor have they alleged disparate impact discrimination.

In ECOA disparate treatment cases, courts have framed the prima facie test as requiring plaintiffs to demonstrate that: (1) they are a member of a protected class, (2) they applied for an

4

extension of credit, (3) they were rejected despite their qualifications, and (4) others of similar credit stature were extended credit or were given more favorable treatment than plaintiffs. *See e.g., Wise*, 496 Fed. App'x at 285 at *2 (applying these four elements in affirming this Court's dismissal of prior claims by same plaintiffs). Here, plaintiffs are members of a protected class and applied for loan servicing, but they have not adequately alleged the last two elements – that they were qualified for an extension of credit and that other similar situated applicants outside of plaintiffs' class were treated more favorably. The complaint fails to establish a basis to accept the allegations as true, fails to raise the right to relief above the speculative level, and fails to establish that the claim is plausible on its face. *See e.g., Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Because they fail to adequately allege direct statements of discrimination, disparate impact, or disparate treatment as to the Wises, plaintiffs' ECOA claims must be dismissed.

Further plaintiffs have also failed to state a claim under the APA. Here plaintiffs have not provided the grounds for their entitlement for relief and have not even attempted to set out the elements of their APA cause of action. "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a mere formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The mere recitation of the words "arbitrary" and "capricious" in paragraph 39 of the complaint does not satisfy the *Iqbal* and *Twombly* standard for stating an APA claim. As plaintiffs have failed to state a claim under the APA and the ECOA, their entire complaint must be dismissed as no issues remain.

IV. MOTION FOR LEAVE TO AMEND [DE 39].

Leave to amend should be freely given when justice so requires. FED. R. CIV. P. 15. It is within the discretion of the Court to allow or deny the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Although the right to amend is not unfettered, "[t]he law is well settled that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (citation omitted). However, the Court has ample discretion to deny a motion to amend a complaint as long as the Court does not "outright refuse 'to grant the leave without any justifying reason.'" *Equal Rights Ctr. v. Niles Bolton Assoc.*, 602 F.3d 597, 603 (4th Cir. 2010) (quoting *Foman*, 371 U.S. at 182).

Defendants object to the motion to amend and argue that plaintiffs do not have proper grounds to amend and seek to frustrate the judicial process and further delay a ruling on the motion to dismiss. Plaintiffs state that their motion for leave to file a second amended complaint is based upon (1) newly discovered information and the desire to add additional defendants, (2) the desire to cure deficiency in process service, (3) the desire to add other actionable causes of action to support damaged, and (4) the desire to articulate the rules and regulations violated. However, the proposed second amended complaint does not set out new substantive information as factual allegations and it does not appear that the second amended complaint references any new information. The factual allegations [DE 39-1 at ¶¶ 1–37] of the proposed second amended complaint are the same as those in the prior amended complaint [DE 9]. The proposed second amended complaint cures none of the defects highlighted by the motion to dismiss in the amended complaint. Accordingly to the extent it is the same as the first amended complaint, the

second amended complaint is futile and the motion to amend is properly denied. To the extent the proposed second amended complaint adds new defendants and causes of action, it is also clear that the amendment is futile and leave to file should be denied.

Plaintiffs' litigation theme before this Court has been to delay by any means possible. Their attempt to file a second amended complaint five months after defendants filed their motion to dismiss, and a month after filing their response to that motion indicates to the Court that they seek to amend in order to delay the resolution of their case and the consequences of an unfavorable ruling in the case by this Court. That is a sufficient reason, especially when combined with the futility of the amendment, to deny plaintiffs' motion for leave to file a second amended complaint.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is GRANTED and this matter is dismissed in its entirety. Plaintiffs' motion for leave to file a motion for stay is GRANTED, but plaintiffs' motion to stay is DENIED and plaintiffs' motion for leave to file a second amended complaint is DENIED AS FUTILE. The Clerk is DIRECTED to enter judgment accordingly and to close the file.

SO ORDERED,

this __24__ day of October, 2014.

_Terrence Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE